## SUPREME COURT.

THE PEOPLE *ex rel.* THOMAS F. GILLANE agt. NICHOLAS HAUGHTON and others, constituting the Commissioners of the Board of Excise.

*Excise law — Building used for public amusement — When no valid ground for refusing an excise license.*

The fact that a building is used during some part of the time as a place of public amusement, affords of itself no valid ground for the refusal by the board of excise of an excise license.

*New York Chambers, January,* 1886.

MOTION for a mandamus.

*Seward, Da Costa & Guthrie,* for the motion.

*Elliott Sandford,* opposed.

VAN BRUNT, *J.*— There is no question but that the duties devolved upon the respondents by the excise laws are to some extent discretionary and judicial, and unless there is an abuse of that discretion the court cannot interfere with their action.

People *ex rel.* Gillane agt. Haughton.

The question, however, which is presented upon this application is whether the fact that in the building in which the relator proposes to carry on his business, at divers times entertainments are given, the character of which requires that the building should be licensed as a place of amusement.

The act relating to the licensing of places of amusement provides that it shall be unlawful to sell or furnish any liquors to any person in the auditorium or lobbies of any place of amusement or in any apartment connected therewith by any door, window or other aperture, and further provides that such selling or furnishing shall of itself vacate and annul and render void and of no effect any license which may have previously been obtained under the act regulating places of amusement.

An examination of this section shows that this restriction only applies to the hours during which the building is being used for public performances, and that the selling of liquors at all other times in such a building is no violation of the act, and that the excise license *is in no way affected by a violation* of the prohibition contained in the act, the only license affected being the public amusement license.

As, therefore, the sale of liquors in such a building in no way contravenes any statute during a large part of the time, and as the penalty for violation of the public amusement act affects the public amusement license only and in no way affects the excise license, it seems clear to me that the fact that a building is used during some part of the time as a place of public amusement affords of itself no valid ground for the refusal of an excise license.

If the licensee violates the public amusement act, that act fixes the penalty which in no way relates to the rights conferred by the excise license.

For these reasons I think that this motion should be granted.